IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

FILED
2010 AUG 25 P 3: 28
U.S. DISTRICT COURT
EASTERN DIST. TENN.
BY_____ DEPT. CLERK

| | |
|---|---|
| THE PEOPLES BANK, | ) |
| Plaintiff, | ) )  |
| v. | ) ) Case No. 3:10cv374 |
| OLD REPUBLIC TITLE INSURANCE COMPANY, | ) ) Phillips/Guyton ) |
| Defendant. | ) ) ) |

## COMPLAINT

Comes now The Peoples Bank, the plaintiff herein, and for cause of action against the defendant, Old Republic Title Insurance Company, respectfully shows unto the Court as follows:

1. The Peoples Bank ("**Plaintiff**") is a Virginia state chartered bank with its principal place of business in Ewing, Lee County, Virginia, and with offices located at 419 Erin Drive, Knoxville, Knox County, Tennessee 37919.

2. The defendant, Old Republic Title Insurance Company ("**Defendant**") is a Minnesota corporation with its principal place of business located at 400 Second Avenue South, Minneapolis, Minnesota 55401-2499. Defendant conducts business in the State of Tennessee.

3. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 inasmuch as (i) Plaintiff is a Virginia state banking corporation with its principal place of business in Lee County, Virginia, (ii) Defendant is Minnesota corporation with its principal place of business in Minneapolis, Minnesota, and (iii) the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

4. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this Court.

5. Defendant issued that certain Loan Policy of Title Insurance (the "**Title Policy**") dated August 5, 2009, in the coverage amount of Five Hundred Five Thousand Dollars ($505,000), insuring the first lien priority of that certain Deed of Trust (the "**Deed of Trust**") from Randy A. Hinton and wife, Kimberly M. Hinton ("**Grantors**"), to Raymond E. Lacy, Trustee for Plaintiff, dated March 12, 2009, recorded August 5, 2009, as Instrument Number 200908050010333 in the Register's Office for Knox County, Tennessee, in the principal sum of Five Hundred Five Thousand Dollars ($505,000). A true and exact copy of the Title Policy is attached hereto and incorporated herein by reference as **Exhibit A**, and a true and exact copy of the Deed of Trust is attached hereto and incorporated herein by reference as **Exhibit B**.

6. The Deed of Trust encumbers certain improved real property located at 5000 Rutledge Pike, Knoxville, Tennessee 37914, as more particularly described in the Deed of Trust (the "**Property**"), and secures the payment and performance of the guaranty and indebtedness described therein (the "**Secured Obligations**"). The Secured Obligations are delinquent and in material default.

7. In the Deed of Trust, the Grantors conveyed the Property to the Trustee, in trust, subject only to "the lien of current year *ad valorem* real property taxes."

8. The Deed of Trust was prepared by Raymond E. Lacy, the president of Summit Title Company and the "authorized officer or licensed agent" of Defendant, and the Title Policy was executed on behalf of Defendant by Raymond E. Lacy, as Authorized Officer or Licensed Agent of Defendant.

9. Plaintiff paid in full all premiums required for issuance of the Title Policy by Defendant and performed and satisfied all requirements necessary for issuance of the Title Policy.

10. The Title Policy was issued by Defendant subject only to the exceptions stated in Schedule B, Part I, thereof.

11. Despite the assurances of Defendant of a first lien priority of the Deed of Trust as set forth in the Deed of Trust and the Title Policy, the Property is encumbered by the prior and superior lien in the stated amount of Two Million One Hundred Fifty Thousand Dollars ($2,150,000) by that certain Deed of Trust from Grantors to John C. Clark, Trustee for First State Bank, dated September 16, 2008, recorded September 16, 2008, as Instrument Number 200809160019094 in the Register's Office for Knox County, Tennessee (the "**$2,150,000 Prior Lien**"). A true and exact copy of the aforementioned Deed of Trust creating the $2,150,000 Prior Lien is attached hereto as **Exhibit C**.

12. The Property has a fair market value of approximately Five Hundred Sixty-Seven Thousand Dollars ($567,000).

13. There is no equity in the Property, and Plaintiff therefore cannot obtain or realize any reduction in the Secured Obligations from the foreclosure sale or other distribution of the Property.

14. As set forth in that certain correspondence to Defendant dated December 4, 2009, Plaintiff, through counsel, properly notified Defendant, in accordance with the Title Policy, of Plaintiff's claims on the Title Policy, but Defendant has refused to indemnify Plaintiff for its losses.

3

Case 3:10-cv-00374-HSM-HBG Document 1 Filed 08/25/10 Page 3 of 4 PageID #: 3

15. Defendant is obligated to Plaintiff for the payment of Five Hundred Five Thousand Dollars ($505,000), the full amount of the indemnification owing by Defendant under the Title Policy.

WHEREFORE, Plaintiff demands judgment against Defendant in the amount of Five Hundred Five Thousand Dollars ($505,000), attorneys' fees, and other expenses incurred by Plaintiff after the date of the filing of this Verified Complaint, the costs of the cause, and such other, further, and general relief to which it may be entitled.

Respectfully submitted, this 25th day of August, 2010.

GENTRY, TIPTON & MCLEMORE, P.C.

By: *[signature]*

Gregory D. Meadows (BPR No. 016215)
P.O. Box 1990
Knoxville, Tennessee 37901
Telephone: (865) 525-5300
Fax: (865) 637-6761
Email: gdm@tennlaw.com

Attorneys for The Peoples Bank

GDM/dbt: \The Peoples Bank 6612\LaneHintonSHE (6612.002)\P Complaint - Old Republic 8-25-10.doc