IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

| | |
|---|---|
| THE PEOPLES BANK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case no. 3:10-CV-374 |
| v. ) | (Phillips) |
| ) | |
| OLD REPUBLIC NATIONAL TITLE ) | |
| INSURANCE COMPANY, ) | |
| RAYMOND E. LACY, ) | |
| LACY, PRICE & WAGNER, P.C., and ) | |
| SUMMIT TITLE COMPANY, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| OLD REPUBLIC NATIONAL TITLE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SUMMIT TITLE COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |

## AMENDED COMPLAINT

Comes now The Peoples Bank (the "Bank"), by counsel, and for its cause of action against the Defendants, Old Republic National Title Insurance Company ("Old Republic"), Raymond E. Lacy, Lacy, Price & Wagner, P.C., and Summit Title Company, respectfully shows unto the Court as follows:

**Parties and Jurisdiction**

1. The Bank is a Virginia state chartered bank with its principal place of business in Ewing, Lee County, Virginia.

2. The Defendant, Old Republic is a Minnesota corporation with its principal place of business located at 400 Second Avenue South, Minneapolis, Minnesota 55401-2499. Old Republic conducts business in the State of Tennessee.

3. Raymond E. Lacy ("Lacy") is an attorney licensed in the State of Tennessee. He is a citizen of the State of Tennessee.

4. Lacy, Price & Wagner, P.C. ("LPW"), is a professional corporation chartered under the laws of the State of Tennessee, with its principal place of business in Tennessee.

5. Summit Title Company ("Summit Title") is a Tennessee Corporation with its principal place of business in Tennessee.

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**Facts**

7. In March 2009, Mr. Randy Hinton, had guaranteed the obligations of certain other parties to the Bank. Mr. and Mrs. Hinton agreed to give the Bank additional collateral in the form of a Deed of Trust on certain property owned by Mr. and Mrs. Hinton, as described more fully below.

8. On March 19, 2009, Mr. and Mrs. Hinton executed a Deed of Trust (the "Deed of Trust"), to Lacy, Trustee for Plaintiff, dated March 19, 2009, recorded August 5, 2009, as Instrument Number 200909050010333 in the Register's Office for Knox County, Tennessee, in the principal sum of $505,000. A copy of the Deed of Trust is attached hereto and incorporated herein by reference as Exhibit 1.

9. The Deed of Trust encumbers certain improved real property located at 5000 Rutledge Pike, Knoxville, Tennessee 37914 (the "Property"), as more particularly described in the Deed of Trust.

10. The Deed of Trust secures the payment and performance of the guaranty and indebtedness described therein (the "Secured Obligations").

11. The Bank retained Lacy and LPW to serve as its legal counsel on various matters, including matters that are the subject of this dispute. Lacy's duties for which the Bank retained him, and upon which the Bank relied, included the preparation of documents, advice and assistance in connection with loan closings, perfection of collateral, title searches, and title insurance services.

12. The Bank, through its attorney-client relationship with Lacy and LPW, further retained Summit Title, which was controlled and/or owned by Lacy, for the purpose of providing real estate and title insurance services for transactions handled by Lacy and LPW on behalf of the Bank.

13. Old Republic issued a Loan Policy of Title Insurance (the "Title Policy") dated August 5, 2009, a copy of which is attached hereto as Exhibit 2.

14. The Title Policy provided coverage in the amount of $505,000, insuring the lien priority of the Deed of Trust. The Title Policy insured the priority of the lien of the Deed of Trust over other liens or encumbrances, other than those specifically excepted by the Title Policy.

15. The Secured Obligations are delinquent and in default.

16. The Deed of Trust represented that the property was "unencumbered EXCEPT [for] the lien of current year *ad valorem* real property taxes" and other liens and encumbrances disclosed on the Deed of Trust.

17. The Deed of Trust was prepared by Lacy. The Title Policy was also prepared by Lacy, the president of Summit Title Company and the "authorized officer or licensed agent" of Old Republic. The Title Policy was executed on behalf of Old Republic by Lacy, as Authorized Officer or Licensed Agent of Old Republic.

18. The Bank paid in full all premiums required for issuance of the Title Policy by Defendant.

19. The Bank satisfied all requirements necessary for issuance of the Title Policy.

20. The Title Policy was issued by Old Republic subject only to the exceptions stated in Schedule B, Part I, thereof.

21. Despite the assurances of Old Republic of the priority of the Deed of Trust as set forth in the Deed of Trust and the Title Policy, the Property is encumbered by the prior and superior lien in the stated amount of $2,150,000 by that certain Deed of Trust from Grantors to John C. Clark, Trustee for First State Bank, dated September 16, 2008, recorded September 16, 2008, as Instrument Number 200809160019094 in the Register's Office for Knox County, Tennessee (the "$2,150,000 Prior Lien"). A true and exact copy of the aforementioned Deed of Trust creating the $2,150,000 Prior Lien is attached hereto as Exhibit 3. The $2,150,000 Prior Lien was not disclosed as an exception on the Title Policy. It also was not disclosed as a prior encumbrance on the Deed of Trust.

22. The Property has a fair market value of approximately $567,000.

23. There is no equity in the Property, and the Bank therefore cannot obtain or realize any reduction in the Secured Obligation from the foreclosure sale or other distribution of the Property.

24. On or about December 4, 2009, the Bank, through counsel, properly notified Old Republic, in accordance with the Title Policy, but Old Republic has refused to indemnify the bank for its losses pursuant to the Title Policy.

### Count I
### (Breach of Contract, Old Republic and Declaratory Judgment)

25. The Bank reaffirms and realleges the allegations of the above paragraphs as if set forth fully herein.

26. Old Republic has breached its contract pursuant to the Title Policy, and has refused to indemnify the Bank for any losses caused by the lack of priority of the Deed of Trust over other liens and encumbrances.

27. There is a dispute as to whether the Deed of Trust is subordinate to the $2,150,000 Prior Lien, and the Bank is entitled to a declaratory judgment that the Deed of Trust is not subordinate to the $2,150,000 Prior Lien.

28. There is a dispute as to whether Old Republic is required to indemnify the Bank for such losses, and the Bank is entitled to a declaratory judgment that Old Republic is required to indemnify it in the amount of $505,000, plus interest.

### Count II
### (Malpractice, Lacy and LPW; Breach of Contract, Summit Title)

29. The Bank reaffirms and realleges the allegations of the above paragraphs as if set forth fully herein.

30. In connection with the above-described transaction with Mr. and Mrs. Hinton, the

Bank retained Lacy, LPW and Summit Title to perform a title search, obtain title insurance, prepare the Deed of Trust, and to protect the Bank's interest in connection with the transaction. The Bank relied upon Lacy, LPW and Summit Title to ensure that its Deed of Trust was a valid Deed of Trust that was subject only to the enumerated exceptions set forth in the Title Policy.

31. Lacy and LPW breached their duty to provide legal services in a non-negligent manner, in accordance with the applicable standard of professional care for attorneys in Knox County, Tennessee. By not disclosing the $2,150,000 Prior Lien, Lacy and LPW breached their duty to ensure that the Bank's Deed of Trust was subject only to the enumerated exceptions set forth in the Title Policy.

32. Summit Title also breached its contract with the Bank to conduct a proper title search to ensure that the Bank's Deed of Trust was subject only to the enumerated exceptions set forth in the Title Policy.

33. As a result of Lacy and LPW's negligence, breach of contract, and breach of professional care, and of Summit Title's breach of its contract, the Bank has been damaged in an amount that has not yet been determined, but which is believed to be in excess of $75,000.

WHEREFORE, the Bank prays that the Court take jurisdiction of this Amended Complaint and grant it the following relief:

(1) Enter a judgment declaring the Bank's rights under the Title Policy, and declaring that Old Republic is indebted to the Bank in the amount of $505,000, or such other amount as the evidence may show is due;

(2) Alternatively, award the Bank compensatory damages against Lacy and Lacy, Price & Wagner, P.C., and Summit Title, in the amount of $505,000, or such other amount that the evidence may show is due; and

(3) Award the Bank its costs in connection with this action together with such other and further relief as may be necessary and proper.

/s/ John A. Lucas
John A. Lucas (011198)
John T. Winemiller (021084)
**MERCHANT & GOULD, P.C,**
110 Tyson Blvd., Ste. 203
Alcoa, Tennessee 37701
(865) 380.5960
(865) 380.5999 (facsimile)
*jlucas@merchantgould.com*
*jwinemiller@merchantgould.com*
***Counsel for The Peoples Bank***

Gregory D. Meadows (016215)
**Gentry, Tipton & McLemore, P.C.**
Riverview Tower, Ste. 2300
900 S. Gay Street
Knoxville, TN 37902
(865) 850.8835

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt on this 5th day of May 2011.

/s/ John A. Lucas